UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
                                  :

JEAN R. AUGUSTE, JR.,                :        24 Civ. 921 (PAE) (GS)
                                    :
           Plaintiff,         :           ORDER
                                    :
         - against -       :
                                    :
THE CITY OF NEW YORK, et al.,    :
                                    :
         Defendants.      :
                                    :

-------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letters dated August 6, 2024 (Dkt. No. 62 at 1–8; Dkt. No. 63); August 8, 2024 (Dkt. No. 62 at 9–13); August 30, 2024 (Dkt. No. 64); and October 20, 2024 (Dkt. No. 66).  At the outset, the Court notes that there have been logistical challenges in communicating with Plaintiff, as the facility in which he is incarcerated has changed multiple times over the course of this action, including on at least two occasions since the date of his August 6 letter.  This has hampered the Court's ability to schedule a conference with Plaintiff and the other parties to this action.

Adding to this complication, Plaintiff apparently refuses to accept mail from Defendant Devon Radlin, as well as Defendants Sim & DePaola, LLP and Samuel C. DePaola (the "Sim & DePaola Defendants"), all of whom are moving to dismiss Plaintiff's claims, along with Defendant Ilissa Brownstein.  (*See* Dkt. Nos. 48 & 60).  The Court understands that Plaintiff has refused mail from Defendant Radlin because Plaintiff is concerned about violating an Order of Protection that Radlin obtained from a New York state court prohibiting Plaintiff from

1

communicating with her. (*See* Dkt. No. 62 at 1, 5)[1] To be sure, accepting mail from Defendant

Radlin in connection with this case would not put Plaintiff at risk of violating the Order of

Protection. At the same time, the Court recognizes Plaintiff may not know whether the mailing

concerns this case without accepting and reviewing it in the first place. The Court therefore

directed the Clerk to mail Defendant Radlin's motion and supporting papers to Plaintiff on July

24, 2024. (Dkt. No. 54).

In his August 6 and August 8 letters, Plaintiff affirmatively opposes Defendant Radlin's

motion and states he does not know "what else to add" and that he has "provided [the Court]

with everything [he] knows" regarding this action. (*See* Dkt. No. 62 at 1–2, 9–10). Confusingly,

however, Plaintiff concludes his August 8 letter by informing the Court that he never received

Defendant Radlin's moving papers (*i.e.*, Docket No. 52). (*See id.* at 10). The Court has not

received any submission from Plaintiff in response to the Sim & DePaola Defendants' motion or

Defendant Brownstein's motion.

Lastly, Plaintiff's letters repeatedly reference what the Court has deduced to be a Case

Management Plan and Scheduling Order from an unrelated action that was inadvertently filed in

this action and then inadvertently mailed to Plaintiff before it was removed from the docket in

this case. (*See* Dkt. Entry dated July 23, 2024, formerly Dkt. No. 50). This has understandably

caused confusion for Plaintiff.

Thus, to clarify the record and ensure Plaintiff has had an adequate opportunity to

respond to the pending motions to dismiss, **<u>Plaintiff is hereby advised</u>**:

1.    The Case Management Plan and Scheduling Order referencing a November 22,

2024 conference before the Honorable Ronnie Abrams was sent to you in error

---

[1] Plaintiff has not, however, provided a basis for refusing mail from the Sim & DePaola Defendants.

and is not in effect in this action—*i.e.*, none of the deadlines in that document apply to you.

2. There are three separate motions to dismiss your claims pending before the Court: (i) Defendant Brownstein's Motion to Dismiss submitted on June 17, 2024 (Dkt. No. 29); (ii) the Sim & DePaola Defendants' Motion to Dismiss submitted on June 17, 2024 (Dkt. No. 33); and (iii) Defendant Radlin's Motion to Dismiss submitted on June 25, 2024 (Dkt. No. 52; *see also* Dkt. No. 43).

3. It is the Court's obligation to ensure you have been provided with adequate notice and an opportunity to respond to these motions. Given the lack of clarity as to whether you have received and reviewed the motions, the Court is therefore directing the Clerk of Court to mail all of Defendants' motion papers to you. You are further advised to review the Local Civil Rule 12.1 Notice attached to this Order.

4. If you wish to provide any further submission in opposition to Defendant Radlin's motion, or any response to Defendant Brownstein's and the Sim & DePaola Defendants' motions, you must do so by no later than **<u>December 27, 2024</u>**. Otherwise, the Court will rely on your existing submissions, including your opposition to Defendant Radlin's motion, your Complaint, and the documents attached thereto.

5. This is the final opportunity the Court will give you to review Defendants' motion papers and respond to them. To be clear, the Court takes no position on the merits of Defendants' motions at this time.

* * *

The Clerk of Court is directed to mail a copy of this Order and the following documents

to Plaintiff at his address on record: Docket Nos. 29–31; Docket Nos. 33–35; Docket No. 52.

**SO ORDERED.**

DATED:    New York, New York
              December 6, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge

**LOCAL CIVIL RULE 12.1 - NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS**

A represented party moving to dismiss or for judgment on the pleadings against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Federal Rule of Civil Procedure 12(b) or 12(c), shall serve and file the following notice at the time the motion is served. If the court rules that a motion to dismiss or for judgment on the pleadings will be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 12(b) or 12(c), and the movant has not previously served and filed the notice required by this rule, the notice must be served and filed within fourteen days of the court's ruling.

**NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS**

The defendant in this case has moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure, and has submitted additional written materials. This means that the defendant has asked the court to decide this case without a trial based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL
IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

In short, Rule 56 provides that you may NOT oppose the defendant's motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion.

If you do not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the *Pro Se* Office.

*Rev. 12/2009*

## Rule 56. Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

**(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.