UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEAN R. AUGUSTE, JR.,

                      Plaintiff,

-v-

DEVON RADLIN *et al.*,

                      Defendants.

24 Civ. 921 (PAE) (GS)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

On February 6, 2024, plaintiff Jean R. Auguste, Jr., *pro se*, filed this action under 42 U.S.C. § 1983. *See* Dkt. 1 (Complaint). His Complaint alleges, *inter alia*, that the City of New York violated his federal constitutional rights while he was incarcerated at the Otis Bantum Correctional Center on Rikers Island.[1] It also brings state law claims for legal malpractice against Auguste's former attorneys, who had represented him in connection with his claims against the City of New York: Devon M. Radlin, Ilissa Brownstein, Samuel C. DePaola ("DePaola"), and the law firm of Sim & DePaola, LLP ("Sim & DePaola," and collectively with the other former attorneys, the "attorney defendants").[2]

---

[1] The Complaint also named as defendants the New York City Department of Correction ("DOC"), New York City Department of Homeless Services ("DHS"), Captain Alliyah Kelly, Officers John Caruso and Seba Osborne, and Project Renewal, Inc. *See* Dkt. 1. On March 11, 2024, the Court dismissed Auguste's claims against DOC and DHS, because they are not suable entities. *See* Dkt. 9 at 2; *see also* N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). Solicitous of Auguste's *pro se* status, however, the Court liberally construed the Complaint as bringing a claim, instead, against the City of New York. *See* Dkt. 9 at 2.

[2] The Court liberally construes the Complaint to allege a claim against Samuel C. DePaola, in addition to his law firm, Sim & DePaola. Although the Complaint identifies only Sim & DePaola as a defendant in the caption and refers to the firm throughout, *see, e.g.*, Dkt. 1 at 1, 22,

Currently pending are the attorney defendents' motions to dismiss the legal malpractice claims, under Federal Rule of Civil Procedure 12(b)(6). On June 17, 2024, Brownstein and DePaola and Sim & DePaola moved to dismiss the respective claims against them. Dkts. 29 (Brownstein), 33 (DePaola and Sim & DePaola). On June 25, 2024, Radlin followed suit. Dkt. 43. The Court referred these three motions to United States Magistrate Judge Gary Stein. *See* Dkt. 20 (May 7, 2024 order referring anticipated motions to dismiss).

On February 11, 2025, Judge Stein issued a Report and Recommendation to this Court, which recommended that the Court grant the attorney defendants' motions to dismiss. *See* Dkt. 77 (the "Report"). The Report found that the Complaint had not plausibly pled a claim for legal malpractice against any attorney defendant, for multiple independent reasons as to each. *See id.* at 15–17 (DePaola and Sim & DePaola), 18–19 (Radlin), 20–21 (Brownstein). The Report stated that "the parties shall have fourteen days, inclusive of weekends and holidays, from the date of this Report and Recommendation to file written objections thereto," pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *Id.* at 24.

Neither party has filed objections. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report's recommendation in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has

---

24, in one instance, it references DePaola, *id.* at 4. The motion to dismiss at docket 33 is filed on behalf of both DePaola and Sim & DePaola, *see* Dkt. 33, and as discussed below, seeks dismissal of the claims against both.

2

been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Stein's thorough and well-reasoned Report does not reveal any facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "the parties shall have fourteen days to file written objections" and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 24, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

Accordingly, the Court grants the motions to dismiss by Radlin, Brownstein, DePaola, and Sim & DePaola. The Court directs the remaining parties to contact Judge Stein's chambers, by April 4, 2025, to schedule an initial pretrial conference. *See* Dkt. 8 (referral for general pretrial management).

The Court respectfully directs the Clerk of the Court to mail a copy of this decision to Auguste at the address on file, and to close all pending motions.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: March 6, 2025
      New York, New York