

**MEMO ENDORSED**

|  |  |  |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **RANDY NANDLALL**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2356<br>Fax: (212) 356-3509<br>Email: rnandlal@law.nyc.gov |

August 12, 2025

**BY ECF**
Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    <u>Jean Auguste v. City of New York et al.,</u>
            24 Civ. 921 (PAE) (GS)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney representing defendants the City of New York ("City"), Aaliyah Kelly, John Caruso, and Seba Obsorne ("City defendants") in the above-referenced matter. City defendants write to respectfully request that the Court compel plaintiff to serve responses to Defendants' Interrogatories and Requests for Production of Documents by a date certain on pain of dismissal.

    By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia,* false arrest and excessive force arising from his arrest on or about November 20, 2023. <u>See</u> ECF No. 3.

    City defendants mailed their Requests for Documents and Interrogatories to plaintiff on May 22, 2025, after plaintiff had indicated the previous day that he did not want to be contacted by e-mail. Thus, plaintiff's responses to City defendants' discovery responses were due by June 23, 2025.

    On July 3, 2025, after not having received any responses from plaintiff, I called plaintiff about his outstanding responses. Plaintiff claimed that he did not receive City defendants' requests and further indicated that he would not respond to them even if he had. Nevertheless, on July 10, 2025, I e-mailed plaintiff a copy of City' defendants' discovery requests that had previously been mailed.

Plaintiff did not respond and, therefore, on July 29, 2025, I tried calling plaintiff to discuss his outstanding discovery responses. However, he refused to discuss the case with me at that time and indicated his name was "Phillip Jones." Plaintiff later left me a voicemail stating, *inter alia*, "hey you faggot ass redneck suck my fuckin' dick nigga don't fuckin' call my phone no more."

Based on plaintiff's conduct, it appears that he has no interest in complying with his discovery obligations or prosecuting this matter in a manner consistent with the Federal Rules.

Accordingly, City defendants respectfully request that the Court compel plaintiff to produce responses to Defendants' Interrogatories and Requests for Production of Documents by a date certain on pain of dismissal. In addition, City defendants respectfully request that the Court direct plaintiff to communicate with counsel in a professional and respectful manner and to refrain from using vulgar language.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Randy Nandlall*
Randy Nandlall
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **VIA ECF**
All attorneys of record

**VIA FIRST CLASS MAIL**
Jean R. Auguste, Jr.
*Plaintiff pro se*
2722 Martin Luther King, Jr. Avenue SE
Washington, D.C. 20032

Application granted. Plaintiff must produce responses to Defendants' Interrogatories and Requests for Production of Documents by no later than September 26, 2025. Plaintiff is warned that failure to provide a response in accordance with this Order may result in sanctions up to and including dismissal of his case. See Buckingham v. Lewis Gen. Tires, Inc., 809 F. App'x 34 (2d Cir. 2020) (affirming dismissal of pro se litigant's action as a sanction for his refusal to comply with court's discovery orders); Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv) (listing types of sanctions available when a party fails to comply with discovery orders). Plaintiff is further warned that his use of offensive, insulting, or abusive language in his communications with defense counsel is entirely inappropriate and may also result in sanctions, up to and including dismissal of his action, should he persist in such conduct. See Williams v. NYC Bd. of Elections, No. 23 Civ. 5460 (AS) (KHP), 2024 WL 2701948, at *1 (S.D.N.Y. May 23, 2024) ("Threatening and personally insulting language of the sort Plaintiff has used toward defense counsel for merely doing his job as counsel for Defendants has no place in litigation — whether in court or when interacting with opposing counsel on matters related to the litigation — and is completely inappropriate. Plaintiff is warned that further conduct of the sort described above will result in sanctions up to and including dismissal of her action.").

Date: August 29, 2025
New York, NY

SO ORDERED:

_____
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE