UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEAN R. AUGUSTE, JR.,

                                      Plaintiff,                  **24 Civ. No. 0921 (PAE) (GS)**

         -against-

                                                                 **ORDER**

DEPARTMENT OF CORRECTIONS, *et al.*,

                                   Defendants.
-----------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

       Defendants' applications dated November 5 and 6, 2025 (Dkt. Nos. 101, 102) are granted in part and denied in part. All discovery deadlines are hereby STAYED. While Defendants the City of New York, Aaliyah Kelly, John Caruso, and Seba Obsorne (collectively, "City Defendants") complain of Plaintiff's continued failure to respond to their Requests for Production of Documents (Dkt. No. 101 at 1-2), Plaintiff states clearly in his letter dated September 23, 2025 that he "no longer has any documents to send or hand over" to the City Defendants. (Dkt. No. 99 at 1). Given that Plaintiff has either been incarcerated or living in homeless shelters since the events in question in this lawsuit, the Court finds it plausible that he no longer has possession, custody, or control of any relevant documents. Plaintiff is advised that if his representation is inaccurate and he is in possession of documents responsive to the City Defendants' Requests for Production of Documents, or he is able to obtain such documents from others who are holding the documents on his behalf (*i.e.*, the documents are within Plaintiff's control), he must take steps to produce those documents. And if the City Defendants have information indicating

that Plaintiff's representation is untrue, they may bring that information to the Court's attention in further support of their motion to compel. Unless the Court learns otherwise, however, it will assume Plaintiff's representation is true and will deny the City Defendants' motion to compel production of documents.

In addition to Requests for Production of Documents, the City Defendants state they also served Interrogatories on Plaintiff to which Plaintiff has not responded. (Dkt. No. 92 at 1; Dkt. No. 101 at 2). Plaintiff's letter of September 23, 2025 does not address the City Defendants' Interrogatories. Pursuant to the Court's August 29, 2025 Order (Dkt. No. 94), Plaintiff <u>must</u> respond to the City Defendants' outstanding Interrogatories. Given Plaintiff's *pro se* status, and that he has now again been incarcerated, the Court will provide Plaintiff with an additional opportunity to do so.

As for the letter from Defendant Project Renewal ("Project Renewal") joining in the City Defendants' motion, Project Renewal refers only to Plaintiff's "failure to respond to discovery demands" without specifying what type of discovery demands it has served. (Dkt. No. 102 at 2; *see also* Dkt. No. 98 at 2). The Court therefore does not know whether these discovery demands include Requests for Production of Documents, Interrogatories, or both. To the extent Project Renewal has served Requests for Production of Documents, Plaintiff is directed to inform Project Renewal whether he has any responsive documents in his possession, custody, or control and, if he does, to produce such documents. To the extent Project Renewal has served Interrogatories, Plaintiff shall respond to those Interrogatories.

The Court also recognizes that since the time the City Defendants and Project Renewal served their discovery demands in May 2025, Plaintiff has been reincarcerated at Riker's Island. It is possible that Plaintiff no longer has copies of those discovery demands with him at Riker's. Consequently, the City Defendants and Project Renewal are hereby directed to resend any outstanding discovery requests to Plaintiff in such a manner to ensure receipt at Riker's by no later than November 17, 2025. Plaintiff shall respond to those requests (as described above) within three weeks thereafter, or by no later than **December 8, 2025**. If Plaintiff needs more time to respond, he shall make an application to the Court prior to the expiration of the December 8 deadline.

Plaintiff is again reminded that a failure to respond to Defendants' discovery requests in accordance with this Order and the Court's prior August 29, 2025 Order may result in sanctions up to and including dismissal of his case. *See Buckingham v. Lewis Gen. Tires, Inc.*, 809 F. App'x 34 (2d Cir. 2020) (affirming dismissal of *pro se* litigant's action as a sanction for his refusal to comply with court's discovery orders); Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv) (listing types of sanctions available when a party fails to comply with discovery orders). Plaintiff is also again warned that his use of offensive, insulting, or abusive language in his communications with defense counsel is entirely inappropriate and may also result in sanctions, up to and including dismissal of his action.

**SO ORDERED.**

DATED:   New York, New York
          November 10, 2025          _____
                                          The Honorable Gary Stein